The Honorable Kevin N. King Circuit Judge Third Judicial Circuit Post Office Box 477 Ash Flat, AR 72513
Dear Judge King:
I am writing in response to your request for my opinion on the following questions:
 1. The statute, A.C.A. § 16-17-108, sets the perimeters of the salary of the `Ash Flat District Court Clerk.' Is this the same as the Sharp County District Court Clerks who serve several jurisdictions within and including Sharp County?
 2. If the statute controls the salary of the `Sharp County District Court Clerk', does this also apply to the two (2) deputy clerks?
 3. If this statute applies to any or all of the three (Clerk and Deputies), what is the legal remedy options for Sharp County, in view of the fact that these salaries have been approved by appropriation ordinance by the Sharp County Quorum Court?
You preface these questions with specific information concerning the Sharp County District Court's service area and the Court's clerical personnel, which you state consist of "the Court Clerk and two (2) Deputy Court Clerks." You recite these individuals' employment histories, including salaries that have been approved in appropriation ordinances passed by the Quorum Court of Sharp County. Your recitation concludes with a citation to A.C.A. § 14-14-1203(d), which defers any decrease in the annual salary of a county officer until January 1 following a general election.
I gather from this background information that you are concerned whether the salary provision in A.C.A. § 16-17-108 applies to any of these persons such that they are under-paid or over-paid; and in the case of under-payment, whether there is a violation of A.C.A. § 14-14-1203, supra.
RESPONSE
With regard to your first question, it is my opinion that the applicable salary provision in A.C.A. § 16-17-108 only applies to the individual who serves as the clerk for the court pursuant to A.C.A. § 16-17-211, which states that the judge "may appoint a clerk for the court, who shall be designated and known as the district court clerk." This would suggest that the answer to your first two questions is "no" because deputy clerks are not covered by the salary provision. It is my opinion in response to your third question that the County must comply with the salary range that is set under A.C.A. § 16-17-108 for "the Sharp County District Court Clerk." This is the only option, in my view. I must also note the inapplicability of A.C.A. § 14-14-1203. In my opinion, a district court clerk is not a "county officer" under this provision. Finally, because A.C.A. § 16-17-108 does not apply, in my opinion, to a deputy clerk for the Sharp County District Court, there would appear to be no need for a "remedy" concerning persons serving in that position. I am assuming in this regard that the county wishes to continue funding these positions. This caveat is necessary because according to my review, state law imposes no general obligation on counties to pay any part of the salaries of deputy district court clerks.
Question 1 — The statute, A.C.A. § 16-17-108, sets the perimeters of thesalary of the `Ash Flat District Court Clerk.' Is this the same as theSharp County District Court Clerks who serve several jurisdictions withinand including Sharp County?
Section 16-17-108 is the comprehensive salary statute that addresses the salaries of the judges and other personnel of the various district courts. In this regard, it is my opinion that the salary provision that was formerly applicable to "the Ash Flat District Court Clerk" (see
A.C.A. § 16-17-108 (d) (Supp. 2003)) is now included in A.C.A. §16-17-108 with respect to the "Sharp County District Court Clerk." See
A.C.A. § 16-17-108(103) (Supp. 2005) (providing in relevant part that "the Sharp County District Court Clerk shall receive an annual salary of not less than sixteen thousand dollars ($16,000) nor more than twenty thousand dollars ($20,000), as determined by the Sharp County Quorum Court and to be paid by Sharp County.")[1] Whoever is currently serving in the position of Sharp County District Court Clerk must, therefore, in my opinion, be paid in accordance with A.C.A. § 16-17-108(103) (Supp. 2005).
It is also relevant to note that in my opinion, there is to be one "district court clerk" of the district court in Sharp County, assuming that the duties of the office necessitate a full-time employee. Arkansas Code Annotated § 16-17-211(a) (Supp. 2005) provides that "[t]he judge of any district court may appoint a clerk for the court, who shall be designated and known as the district court clerk."[2] I recognize in this regard that the Sharp County District Court has two "departments," a term defined as "the physical location where sessions of court are held[.]" See A.C.A. §§ 16-17-902(1) and -925. See also n. 1, supra. I recently opined, however, in response to a similar question involving the Poinsett County District Court, that the general authority for appointing a district court clerk appears unchanged, despite the so-called "departmentalization" of the court. Op. Att'y Gen. 2005-191 at 6. I noted that the legislature could easily have authorized a district court clerk position for each department of the Poinsett County District had this been its intent. Id. (observing that several subsections of A.C.A. § 16-17-108
establish salary ranges for a district court clerk of each department of a number of district courts). The same analysis applies with respect to the Sharp County District Court, given the fact that the salary provision under A.C.A. § 16-17-108 (103) is limited to "the Sharp County District Court Clerk."
I reiterate, therefore, that in my opinion, the salary provision in A.C.A. § 16-17-108(103) (Supp. 2005) pertaining to "the Sharp County District Court Clerk" only applies to the individual who serves as the
clerk for the court. It does not apply to any other court personnel.
Question 2 — If the statute controls the salary of the `Sharp CountyDistrict Court Clerk', does this also apply to the two (2) deputyclerks?
No. See above response.
Question 3 — If this statute applies to any or all of the three (Clerk and Deputies), what is the legal remedy options for Sharp County, in view of the fact that these salaries have been approved by appropriation ordinance by the Sharp County Quorum Court?
Given my conclusion regarding the applicability of A.C.A. §16-17-108(103) (Supp. 2005) to the clerk of the court, I believe the County's only option is to ensure that the appropriation for that position complies with the established salary range.
I realize based upon the facts you have reported that this may result in a reduction in salary. (You state that the person who is currently serving as the Sharp County District Court Clerk is paid a salary of $20,514.00, which exceeds the maximum amount under A.C.A. §16-17-108(103), supra, by $514.00). This appears to be the basis for your citation to A.C.A. § 14-14-1203. It is opinion, however, that §14-14-1203 does not apply in this instance. This Code section provides as follows regarding a decrease in the salary of a "county officer":
 (d) DECREASES IN SALARY. Any decrease in the annual salary or compensation of a county officer shall not become effective until January 1 following a general election held after such decrease shall have been fixed by the quorum court of the county.
A.C.A. § 14-14-1203(d) (Repl. 1998).
Amendment 55 to the Arkansas Constitution similarly states in relevant part:
 Compensation of each county officer shall be fixed by the Quorum Court within a minimum and maximum to be determined by law. Compensation may not be decreased during a current term; provided, however, during the interim, from the date of adoption of this Amendment until the first day of the next succeeding month following the date of approval of salaries by the Quorum Court, salaries of county officials shall be determined by law. . . .
Ark. Const., Am. 55, § 5.
When § 14-14-1203 is placed in context, i.e., part of the enabling legislation for Amendment 55 (A.C.A. § 14-14-101 et seq.), I believe it becomes clear that its terms do not apply to the clerk of a district court.
With regard to the deputy clerks whose salaries are appropriated by Sharp County according to the information you have supplied, it is my opinion as indicated above that no "legal remedy" is necessitated by A.C.A. §16-17-108(103) because the minimum and maximum salary range does not apply to these positions.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The 2003 salary act set a minimum and maximum salary for the "Ash Flat District Court Judge" and the "Ash Flat District Court Clerk." See
Acts 2003, No. 1475, § 1. This was consistent with the district court's location at the county seat (Ash Flat), effective January 1, 2005, pursuant to the 2003 legislation that established judicial districts and the number of district court judges, in implementation of Amendment 80 to the Arkansas Constitution. See generally Op. Att'y Gen. 2003-240. Seealso Op. Att'y Gen. 2005-191 (regarding the Poinsett County District Court). The 2005 amendment to the salary act removed the "Ash Flat District Court" provision and set a salary range instead for the "Sharp County District Court Judge" and the "Sharp County District Court Clerk."See Acts 2005, No. 2220, § 1 (codified in relevant part as A.C.A. §16-17-108(103) (Supp. 2005)). This reflects another 2005 amendment which established two departments (one in Ash Flat and one in Cherokee Village) for the "Sharp County District Court." See A.C.A. § 16-17-925 (Supp. 2005).
[2] Subsection (f) states: "Where the duties of the office of district court clerk do not require a full-time employee, the city council may require that the duties of the clerk be performed by any other officer of the city." A.C.A. § 16-17-211(f) (Supp. 2005).